```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

-against-

COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK; THE NEW YORK AND PRESBYTERIAN HOSPITAL; and JOHN DOES 1-100,

                Defendants.

22 Civ. 10340 (AT)

**ORDER**

ANALISA TORRES, District Judge:

     On December 7, 2022, Plaintiff, Jane Doe, brought this action against Defendants Columbia University in the City of New York, the New York and Presbyterian Hospital, and John Does 1–100. Compl., ECF No. 1. On December 13, 2022, the Court ordered Plaintiff to file a request to proceed under a pseudonym. ECF No. 11. On December 21, 2022, Plaintiff did so. ECF No. 12.

     Plaintiff argues that her motion should be granted because this matter concerns "the sexual abuse of Plaintiff by her gynecologist, Robert Hadden," and, as such, she has "substantial privacy interests in her identity remaining anonymous." Pl. Mem. at 1, ECF No. 13. Specifically, Plaintiff states that the claims in this action "are highly sensitive and of a personal nature"; "Plaintiff's identification poses a risk of mental harm"; and neither Defendants nor the public will be prejudiced if she were allowed to proceed under a pseudonym. *Id.* at 3–6. Defendants do not oppose Plaintiff's motion. Pl. Mem. at 1 n.1.

     Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). However, courts have "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (cleaned up). Courts must balance the plaintiff's interest in anonymity "against both the public interest in disclosure and any prejudice to the defendant." *Id.* In determining whether a plaintiff may be allowed to maintain an action under a pseudonym, courts can consider the following "non-exhaustive" list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the

      defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (cleaned up).

      The Court determines that allowing Plaintiff to proceed under a pseudonym is appropriate. Here, the litigation concerns Defendants' handling of an alleged sexual assault, which involves matters that are highly sensitive and of a personal nature and which pose a risk of mental harm to Plaintiff. *Doe v. Vassar College*, No. 19 Civ. 9601, 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019). The complaint alleges that Plaintiff has experienced "pain, trauma, distress[,] and suffering" due to Defendants' conduct, Compl. ¶ 19, and there is a risk that identifying Plaintiff would result in the very harm she is litigating against, Pl. Mem. at 4. In addition, Defendants know Plaintiff's identity and do not oppose Plaintiff's motion. Pl. Mem. at 4–5. This weighs in favor of allowing Plaintiff to proceed under a pseudonym. Plaintiff has also "taken steps to keep her identity confidential," such as not "sp[eaking] publicly about the incidents that underl[ie] the causes of action." *Id.* at 5. Finally, Plaintiff's interest in anonymity outweighs the public interest in disclosure at this time. *See, e.g.*, *Vassar College*, 2019 WL 5963482, at *2; *cf. Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 223, 225 (S.D.N.Y. 2015) (allowing a plaintiff to proceed under a pseudonym before trial). Accordingly, Plaintiff's motion to proceed under a pseudonym is GRANTED.

      The Clerk of Court is directed to terminate the motions at ECF Nos. 12, 13, and 14.

      SO ORDERED.

Dated: January 3, 2023
       New York, New York

                                                    ANALISA TORRES
                                          United States District Judge